**Affirmed and Memorandum Opinion filed June 21, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-10-00882-CR

---

**DAMON DESHON MILES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1192156**

---

## MEMORANDUM OPINION

Appellant Damon Deshon Miles appeals his conviction for felony deadly conduct, asserting (1) the evidence is legally and factually insufficient to support his conviction; (2) the trial court erred in admitting testimony that he was known by others as someone

who used narcotics; and (3) his trial counsel rendered ineffective assistance by eliciting testimony of prior felony convictions. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with the murder of Solomon Zezqueaux. Appellant pleaded "not guilty." A jury trial followed.

According to undisputed evidence, Ena Dennis was returning to her apartment late one evening. Appellant was standing outside the apartment and upon encountering him Dennis became frightened. She entered her apartment and told her friends what had happened. By all accounts, at least two men from inside Dennis's apartment, the complainant Solomon Zezqueaux and Derrik East, confronted appellant for scaring Dennis.

According to those who were inside the apartment, after the men exchanged words, the complainant and East went back inside the apartment and closed the door. Twenty to thirty minutes later, when the occupants of the apartment heard a knock at the door, they opened the door and saw appellant. As the door opened, a gun shot was fired, dropping the complainant to the floor. He later died from the gunshot wound.

Those who were in the apartment reported the description of the assailant to responding law enforcement officers, who developed appellant as a suspect. Police investigators learned that appellant, who also went by the name "Two," lived in the same apartment complex where the shooting occurred. Officers searched the apartment where appellant lived, recovering a firearm hidden underneath a couch; latent fingerprints lifted from the firearm matched those of appellant. Officers located appellant in a bathroom in the apartment and believed that appellant was attempting to hide.

By appellant's account at trial, he was about to visit a friend who lived in an apartment across from Dennis. He unintentionally frightened Dennis. Appellant testified that minutes later, three men from Dennis's apartment confronted and threatened him

2

outside the apartment. He retrieved a loaded firearm from his waist band to scare and ward off the three men and in an attempt to escape. Appellant testified that he moved towards the men, who were backing away. According to appellant, as he was leaving, he stumbled and hit his hand on a corner of the building. The firearm accidentally discharged, and he fled the scene.

The jury found appellant guilty of the lesser-included offense of felony deadly conduct. Appellant was sentenced to sixty years' confinement. Appellant now challenges his conviction, raising three issues on appeal.

ISSUES AND ANALYSIS

**Is the evidence sufficient to support a conviction for felony deadly conduct?**

In appellant's first issue, he challenges the legal and factual sufficiency of the evidence to support his conviction for third-degree felony deadly conduct. In evaluating a legal-sufficiency challenge, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The trier of fact "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

3

A majority of the judges of the Texas Court of Criminal Appeals have determined that "the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (Hervey, J., joined by Keller, P.J., Keasler, and Cochran, J.J.); *id.* at 912–15 (Cochran, J., concurring, joined by Womack, J.) (same conclusion as plurality). Therefore, in this case we will review the evidence under the *Jackson v. Virginia* standard as articulated in the preceding paragraph.

A person commits the offense of felony deadly conduct when that person knowingly discharges a firearm at or in the direction of one or more individuals. Tex. Penal Code Ann. § 22.05(b)(1), (e) (West 2011). A person acts knowingly with respect to the nature of his conduct or to circumstances surrounding his conduct when that person is aware of the nature of his conduct or the circumstances that exist. Tex. Penal Code Ann. § 6.03(b) (West 2011). The "knowing" element may be inferred from words, acts, or conduct of the accused and from the circumstances under which the act occured. *See Wheaton v. State*, 129 S.W.3d 267, 273 (Tex. App.—Corpus Christi 2004, no pet.).

The record reflects the undisputed fact that appellant discharged a firearm, which resulted in the death of the complainant. Appellant claimed the complainant's death was an accident, testifying that he pointed the gun at the group of men who confronted him outside the apartment in an attempt to ward them off so that he could escape and that the firearm accidentally discharged when he tripped and the hand in which he held the weapon hit the corner of a building. Other witnesses described a verbal altercation outside the apartment after which appellant knocked at the door of the apartment and opened fire, killing the complainant. A finder of fact is entitled to believe all, some, or none of a witness's testimony. *See Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). In the face of a record reflecting conflicting inferences, we presume the finder of

4

fact resolved all conflicts in favor of the verdict , and we defer to that resolution. *See Matchett v. State*. 941 S.W.2d 922, 936 (Tex. Crim. App. 1996); *Wheaton*, 129 S.W.3d at 274. The jury could have drawn the inference of knowledge from the evidence of the circumstances surrounding the act. *See Wheaton*, 129 S.W.3d at 274.

In considering the record evidence under the prevailing standard, we conclude that a rational finder of fact could have found the elements of felony deadly conduct beyond a reasonable doubt. *See* Tex. Penal Code Ann. § 22.05(b)(1), (e); *Wheaton*, 129 S.W.3d at 273. We conclude the evidence is legally sufficient to support appellant's conviction. Accordingly, we overrule appellant's first issue.

**Did the trial court err in allowing testimony about appellant's use of narcotics?**

In his second issue, appellant asserts the trial court erred in allowing testimony of appellant's "supposed use of an illegal drug." According to appellant, the testimony was irrelevant and prejudicial. A trial court's ruling on the admission of evidence is reviewed under an abuse-of-discretion standard. *Robbins v. State*, 88 S.W.3d 256, 260 (Tex. Crim. App. 2002). Under this standard, we will uphold the trial court's decision so long as that decision rests within the zone of reasonable disagreement. *See id.*

As reflected in the record, appellant's trial counsel cross-examined a witness as to whether, before the shooting, appellant had any connection to the complainant and East, and whether the men knew appellant. At one point, the witness denied knowing if the complainant and East knew appellant, and appellant's trial counsel sought to impeach the witness with the witness's statement to investigators. Eventually, the witness answered affirmatively that the two men (complainant and East) knew appellant.

After trial counsel passed the witness, counsel for both parties approached the bench. The prosecutor asserted that through this witness's testimony, appellant had opened the door to further questioning as to how the men knew appellant, because the testimony left the false impression that the men shared some kind of relationship. The State claimed that the men knew appellant as someone who always looked "high" and

5

always used "dope." Appellant asserted that testimony of how the men knew appellant was simply a matter of impeachment and that it did not open the door to how they knew appellant; appellant also indicated that reference to his use of narcotics was not relevant. The trial court allowed the State to question the witness how the men knew appellant. On redirect examination, the State elicited testimony, over appellant's hearsay objection, that East and the complainant knew appellant from seeing him around the apartment complex. When asked by the State how the men knew appellant, the witness testified that the men knew appellant as "the guy hanging around the apartment smoking wet," which, according to the record, is an embalming fluid. Appellant did not object to this testimony, and it is the admission of this testimony that forms the basis of appellant's complaint of on appeal. The State contends that appellant failed to preserve the issue for appeal.

To preserve an issue for appellate review, a party is required to show a timely objection was made to the trial court and that in support of the objection the party stated the grounds with sufficient specificity to apprise the trial court of the complaint, and secured a ruling from the trial court. *See* Tex. R. App. P. 331.(a). Unless a party obtains a running objection to evidence or requests a hearing outside of the jury's presence, a party is required to protect the initial ruling by continuing to object each time inadmissible evidence is offered. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). Appellant did not object to the reference of his narcotics use either when the State posed the question or when the witness answered the question, nor did appellant make any request for a running objection to the testimony. *See id.* At the bench conference, however, appellant argued that the testimony of his narcotics use was not relevant. This objection was sufficient to preserve the relevance objection because the objection was deemed to apply when the evidence is subsequently admitted before the jury. *See* Tex. R. Evid. 103(a)(1); *Haley v. State*, 173 S.W.3d 510, 517 (Tex. Crim. App. 2005). But, at the bench conference, appellant objected only on relevance grounds; appellant did not object to the prejudicial effect of the testimony. Appellant's objection

6

in the trial court does not comport with the argument he makes on appeal. Therefore, appellant has failed to preserve for appellate review his complaint that the testimony was prejudicial. *See* Tex. R. App. P. 33.1(a).

Even if we were to presume, without deciding, that the trial court erred in admitting the testimony regarding appellant's narcotics use, any such error would be harmless. The improper admission of evidence is not reversible error when, as in this case, the same or similar evidence is admitted without objection at another point in the trial. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *Chapman v. State*, 150 S.W.3d 809, 814 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). The record reflects several instances in which witnesses testified on direct- or cross-examination about appellant's use of narcotics on the night in question. In response to the State's question on re-cross-examination about the demeanor of East and the complainant after first confronting appellant outside of the apartment, Dennis testified, without objection, that East and the complainant were laughing because appellant was high.[1] Additionally, the State's rebuttal witness, Pooky, testified without objection that, on the night of the murder, appellant asked him for the pistol used in the commission of the offense and that appellant smelled of PCP, which Pooky claimed was embalming fluid or formaldehyde. On cross-examination, Pooky testified that although he was not with appellant when appellant smoked narcotics that night, it was not hard to tell that appellant had used a controlled substance because Pooky could smell the strong odor on appellant's person. We conclude that even if the trial court erred in admitting the testimony in question, because the same facts were admitted in evidence without objection elsewhere, any error would be harmless. *See Leday v. State*, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998). We overrule appellant's second issue.

---

[1] At an earlier point in Dennis's testimony, appellant objected to Dennis's reference that East and the complainant were laughing at appellant because he was "probably high." Appellant objected to this testimony as hearsay. The trial court sustained the objection, instructed the jury to disregard the statement, and denied appellant's request for a mistrial.

**Did appellant receive ineffective assistance of counsel?**

In his third issue, appellant asserts that he received ineffective assistance of counsel at trial by eliciting direct testimony about appellant's prior felony convictions. Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.051 (West Supp. 20011). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). To prove ineffective assistance of counsel, appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 688–92. Moreover, appellant bears the burden of proving his claims by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

In assessing appellant's ineffective-assistance claim, we apply a strong presumption that appellant's trial counsel was competent. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When, as in this case, there is no proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). If there is no hearing or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective-assistance claim. *Stults v. State*, 23 S.W.3d 198, 208–09 (Tex. App.— Houston [14th Dist.] 2000, pet. ref'd). The Court of Criminal Appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record

that is silent as to counsel's trial strategy. *See Andrews*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). On such a silent record, this court can find ineffective assistance of counsel only if the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). There was no motion for new trial filed in this case. Thus, we consider the issue in the face of a silent record.

Trial counsel filed several motions in limine to prevent any testimony of appellant's previous convictions from being entered into evidence. Following a hearing on the motions outside of the jury's presence, in which the parties presented their respective arguments for the admission and exclusion of the evidence under the *Theus*[2] factors, the trial court denied appellant's motions. In the course of appellant's testimony following the hearing, appellant testified on direct examination that he had been convicted in 2000 and 2003 for felony offenses involving possession of a controlled substance; appellant served time in confinement for both offenses. On cross-examination, appellant confirmed that he was convicted in 2007 for possession of a controlled substance, in 2003 for manufacturing or delivering a controlled substance, and in 2000 for possession of a controlled substance.

Appellant does not challenge the admissibility of the evidence under the *Theus* factors or the trial court's ruling on the admission of the evidence; rather, appellant asserts only that his trial counsel rendered ineffective assistance of counsel by eliciting the very testimony appellant previously sought to exclude though his motions in limine. The record reflects that the State gave notice of its intent to use appellant's prior convictions for impeachment and that the prior convictions occurred within ten years of the 2008 charged offense. *See* Tex. R. Evid. 609 (providing that a prior conviction is admissible if the probative value outweighs the prejudicial effect and the prior conviction

---

[2] *See Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992) (enumerating five nonexclusive factors for weighing a prior conviction's probative value against the prejudicial effect).

is not too remote as falling outside a ten-year period prior to the charged offense). It is possible that, given the State's notice of its intent to impeach appellant with the prior convictions and upon learning the trial court's ruling regarding the prior convictions, trial counsel employed a reasonable strategy to introduce the testimony of appellant's prior convictions in an attempt to appear open and honest and to lessen the impact of impeachment on the issue. *See Huerta v. State*, 359 S.W.3d 887, 894, 892 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Martin v. State*, 265 S.W.3d 435, 445 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Rodriguez v. State*, 129 S.W.3d 551, 558 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (providing that eliciting testimony from a defendant about remote prior convictions was a matter of trial strategy). Given the silent record before this court, we cannot conclude appellant has rebutted the strong presumption of competent representation. *See Thompson*, 9 S.W.3d at 813. We overrule appellant's third issue.

The trial court's judgment is affirmed.


/s/     Kem Thompson Frost
Justice


Panel consists of Justices Frost, Brown, and Christopher.

Do Not Publish — TEX. R. APP. P. 47.2(b).

10