**Affirmed and Memorandum Opinion filed February 5, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00707-CR

### NO. 14-11-00708-CR

---

### KEVIN RAHE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Cause Nos. 64902 & 64903**

---

## MEMORANDUM OPINION

A jury convicted appellant Kevin Rahe of two counts of burglary of a vehicle with two or more previous convictions and assessed punishment for each offense at two years' confinement, with the sentences to run concurrently. In this appeal, appellant alleges ineffective assistance of counsel at his trial. We affirm.

# BACKGROUND

On March 18, 2011, appellant pawned several items — including a Garmin GPS system and an Apple iPod — that had been reported stolen from two separate vehicles earlier that day. After an investigation, Officer Jeffrey Jernigan arrested appellant and returned the pawned items to their rightful owners. Appellant was indicted on two counts of burglary of a vehicle with two or more prior convictions, and the case proceeded to a jury trial.

During cross-examination of Officer Jernigan, appellant's trial counsel mentioned a man named Brandon Logan. Jernigan was familiar with Logan as a man who lived near the neighborhood where the pawned items were stolen and who had a reputation for burglarizing vehicles. Appellant's trial counsel asked, "If [appellant] indicates that he got this — these items from Brandon Logan, can you dispute that?" The State objected on the grounds that the question assumed facts not in evidence, and the trial court sustained the objection.

Appellant took the stand in his own defense and testified that he had not stolen the items he pawned, but that he had received the items he pawned from Logan. He further testified that he had pawned them because Logan did not bring his identification to the pawn shop, and that Logan paid him $20 for pawning the items. During direct examination by his trial counsel, appellant admitted that he had pleaded guilty to several extraneous offenses, but he steadfastly maintained that though he actually committed those offenses, he did not commit the burglaries at issue.

Eleven pawn tickets signed by appellant were entered into evidence without objection from appellant's trial counsel. Those pawn tickets were not directly related to the items stolen in this case; during cross-examination, the State asked

appellant how he had obtained the items listed on the tickets. Appellant claimed that several of the items he pawned had been given to him by friends and family members, but he could not remember where he had gotten some items. He did admit that at least some of the items he had pawned did not belong to him, and he testified that he had been without a source of income since December 30, 2009.

In its final argument, the State characterized appellant's longstanding unemployment as evidence that he had chosen to make a career out of burglarizing vehicles. The State made several references to appellant as a "career criminal" and noted that pawning items "was a good source of income for him." Appellant's trial counsel objected to the first "career criminal" reference but remained silent after the trial court admonished the State to stay within the record. The jury returned a guilty verdict and a two-year sentence on each count. This appeal followed.

## ANALYSIS

In two issues, appellant asserts that his trial counsel was ineffective because he (1) asked Jernigan about Logan; (2) called appellant to the stand to testify in his own defense; (3) elicited appellant's testimony about prior extraneous offenses; (4) failed to object to the State's proffer into evidence of eleven pawn tickets; and (5) failed to object to the State's descriptions of appellant as a "career criminal."

An accused is entitled to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). In reviewing claims of ineffective assistance of counsel, we apply a two-prong test. *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Bradley v. State*, 359 S.W.3d 912, 916 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). To establish ineffective assistance, an appellant must prove by a preponderance of the evidence that (1) his trial counsel's

representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. *Strickland*, 466 U.S. at 687; *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001). If a criminal defendant can prove that the trial counsel's performance was deficient, he must still affirmatively prove that counsel's actions prejudiced him. *Thompson*, 9 S.W.3d at 812. To demonstrate prejudice, a defendant must establish a reasonable probability that the result of the proceeding would have been different if counsel had acted professionally. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Mallett*, 65 S.W.3d at 63.

When evaluating a claim of ineffective assistance, the appellate court looks to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. In making such an evaluation, any judicial review must be highly deferential to trial counsel and avoid the distorting effects of hindsight. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (citing *Strickland*, 466 U.S. at 689). Accordingly, there is a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). The appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Thompson*, 9 S.W.3d at 813. To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* at 814. Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). But when no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls

4

below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for acting as he did. *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

We will address each of appellant's allegations of ineffectiveness in turn.

## I.    Logan's Involvement

Appellant first claims that his trial counsel was ineffective for introducing the idea that Logan — not appellant — had committed the underlying burglaries. By introducing Logan's name, appellant argues, his trial counsel opened the door for "damaging rebuttal evidence," including the eleven pawn tickets appellant argues should not have been admitted.

A trial attorney who opens the door to damaging evidence is not necessarily ineffective. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). When a defense attorney does so as part of a legitimate strategic or tactical decision in the midst of trial, we will not second-guess that decision. *Id.* Appellant claims in his brief that his trial counsel based this decision on a mistaken view of the law, but the record contains no statement from the trial attorney or other evidence supporting this allegation. Without a firm foundation in the record, appellant has failed to overcome the presumption that his counsel employed a sound strategy in introducing Logan as a possible alternative suspect. *See id.*; *Thompson*, 9 S.W.3d at 814.

## II.    Calling Appellant to the Stand

Appellant next claims that his trial counsel was ineffective for calling him to the stand to testify in his own defense, in part because it "had the unhappy effect of subjecting [appellant] to damaging cross-examination."

It is a criminal defendant's constitutional right to testify on his own behalf. *Rock v. Arkansas*, 483 U.S. 44, 51-52 (1987); *Johnson v. State*, 169 S.W.3d 223, 232 (Tex. Crim. App. 2005). Such a right can be knowingly and voluntarily waived only by the defendant, not his counsel. *Smith v. State*, 286 S.W.3d 333, 338 n.9 (Tex. Crim. App. 2009). A defendant who rejects his attorney's advice on this matter, preempts his attorney's strategy, and insists that a different strategy be followed, however, may not complain of ineffective assistance of counsel. *Duncan v. State*, 717 S.W.2d 345, 348 (Tex. Crim. App. 1986); *Hubbard v. State*, 770 S.W.2d 31, 43 (Tex. App.—Dallas 1989, pet. ref'd).

Here, the record is silent as to why appellant testified; we do not know whether counsel advised or appellant asserted that he should testify. Accordingly, appellant has failed to rebut the strong presumption that his trial counsel rendered adequate assistance. *See Escobedo v. State*, 6 S.W.3d 1, 10-11 (Tex. App.—San Antonio 1999, pet. ref'd) (declining to find ineffective assistance of counsel where defendant testified during punishment phase but record did not divulge why defendant testified or whose decision it was for him to testify); *see also Hammond v. State*, 942 S.W.2d 703, 710 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (holding that counsel cannot be ineffective for failing to advise appellant not to testify when appellant wishes to testify).

## III.    Eliciting Admissions of Extraneous Offenses

Appellant also complains that his trial counsel provided ineffective assistance by questioning him on direct examination about his prior convictions. Appellant argues that, aside from the prior convictions for burglary of a vehicle — which were alleged for jurisdictional purposes — these offenses were inadmissible. As a result, he argues, eliciting testimony regarding these offenses "could serve no

strategic value including demonstrating that appellant is not a liar." *See Robertson v. State*, 187 S.W.3d 475, 484 (Tex. Crim. App. 2006) (holding trial counsel's performance deficient under the first *Strickland* prong).

This complaint fails because the appellant has not shown prejudice. *See Strickland*, 466 U.S. at 694. In his testimony, the appellant admitted to committing the following crimes:

- possession of a controlled substance on June 22, 2009;

- burglary of a vehicle on June 28, 2009;

- unlawfully carrying a weapon on June 28, 2009;

- burglary of a vehicle on December 28, 2009;

- burglary of a vehicle on December 28, 2009 (second count);

- burglary of a vehicle on December 28, 2009 (third count);

- forgery on February 1, 2011; and

- fraudulent use or possession of identifying information on February 1, 2011

All of these offenses were included in "State's Notice of Intent to Introduce Evidence of Extraneous Offenses and Prior Convictions for Impeachment, Guilt/Innocence Phase and Punishment," and the record shows that the appellant's forgery conviction was a felony conviction admissible for impeachment purposes. *See* Tex. R. Evid. 609(a). Further, the appellant concedes the admissibility of his four prior convictions for burglary of a vehicle; therefore trial counsel is not ineffective for introducing those convictions to the jury. We will not condemn a

"strategic attempt to appear open and honest." *See Martin v. State*, 265 S.W.3d 435, 445 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

In light of the overwhelming weight of the appellant's four prior convictions for burglary of a vehicle and his felony conviction for forgery, we cannot say that the other extraneous offenses had any effect at all on the outcome of the trial. Thus, the appellant has failed to show that the result of the proceeding would have been different if his trial counsel had not mentioned them. *See id.*; *Rodriguez v. State*, 129 S.W.3d 551, 560 (Tex. App.—Houston [1st Dist.] pet. ref'd).

## IV.    Pawn Tickets

Next, appellant argues that his trial counsel was ineffective for failing to object to the State's proffer of the eleven pawn tickets because those tickets were inadmissible character evidence.

Extraneous offense evidence that is relevant only to show conformity of character is absolutely inadmissible. Tex. R. Evid. 404(b); *Montgomery v. State*, 810 S.W.2d 372, 386-87 (Tex. Crim. App. 1990). Evidence of other crimes, wrongs, or acts may, however, be admissible if it has relevance apart from its tendency to prove the character of a person in order to show that he acted in conformity therewith. Tex. R. Evid. 404(b); *Montgomery*, 810 S.W.2d at 387. Counsel cannot be ineffective for failing to object to admissible evidence. *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004); *Cadoree v. State*, 331 S.W.3d 514, 529 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

Without deciding whether Rule 404(b) applies to the admission of pawn tickets,[1] we conclude that the pawn tickets were admissible under the doctrine of chances. The doctrine of chances tells us that highly unusual events are unlikely to repeat themselves inadvertently or by happenstance. *De la Paz v. State*, 279 S.W.3d 336, 347 (Tex. Crim. App. 2009). In this case, the doctrine of chances allows jurors to conclude — without making any inference about appellant's general character — that appellant's innocent explanation about receiving the stolen items from Logan is objectively unlikely. *See id.* at 347-48.

A Garmin GPS system and an Apple iPod were among the items appellant pawned March 18, 2011. He testified that Logan gave him those items. The challenged pawn tickets showed that appellant had pawned three Garmin GPS systems and two Apple iPods — as well as many other items — between October 28, 2009 and December 10, 2010. Appellant testified that one of the Garmin GPS systems had been given to him by a family member, but he could not remember where he had gotten the other two. Likewise, he could not remember where he had gotten the two iPods he pawned during that period. All of the items pawned by appellant were pawned at the same pawn shop, and many of them were pawned during the period where appellant testified to having no outside income.

According to his testimony, appellant was given more than one Garmin GPS system to pawn and could not remember where he had gotten two Apple iPods during a long period of unemployment. These circumstances make the pawn tickets relevant and admissible under the doctrine of chances. Accordingly,

---

[1] The State argues that Rule 404(b) should not apply: "There is nothing illegal or immoral about the act of pawning property. Moreover, the act of pawning property, in and of itself, does not show any particular character trait of a person."

appellant's trial counsel was not ineffective for failing to object to their admission. *See White*, 160 S.W.3d at 53; *Cadoree*, 331 S.W.3d at 529.

## V.   The State's "Career Criminal" Argument

Appellant's final argument on appeal is that his trial counsel was ineffective for failing to object to the State's characterization of appellant as a "career criminal."

Proper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). Even where jury argument is improper, however, an opposing counsel who does not object to such a jury argument is not necessarily ineffective. *See Huerta v. State*, 359 S.W.3d 887, 894 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("[E]ven if the scope of appellant's cross-examination was subject to a valid objection, appellant has failed to rebut the presumption that counsel was acting according to sound trial strategy."). When the record is devoid of any explanation regarding counsel's reasons for not objecting, we will not conclude that counsel's performance was constitutionally deficient if any strategic motivations can be imagined for the decision not to object. *Id.*

Appellant's trial counsel might have been concerned that an objection to the State's characterization of appellant as a "career criminal" would draw the jury's attention to that characterization or that the jurors would give the characterization more weight because the defense wanted it out. He might also have believed the trial court would have overruled the objection. All of these could have been part of a sound trial strategy. *See Lopez v. State*, 358 S.W.3d 691, 696-97 (Tex. App.—

San Antonio 2011, pet. ref'd) (deferring to trial counsel's strategy based on these three factors).  Because a reasonable strategy for counsel's actions potentially exists, we conclude that appellant has failed to carry his burden of showing that counsel was ineffective by not objecting to the challenged jury argument.  *See Huerta*, 359 S.W.3d at 894-95.

## CONCLUSION

We overrule appellant's two issues and affirm the judgment of the trial court.

/s/    William J. Boyce
Justice

Panel consists of Justices Boyce and McCally and Senior Justice Mirabal.[2]
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] Senior Justice Margaret Garner Mirabal sitting by assignment.