**Affirmed and Memorandum Opinion filed February 26, 2015.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-13-01122-CR

**LORENZO DWAYNE JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1388256**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Lorenzo Dwayne Jones of Retaliation. *See* Tex. Penal Code Ann. § 36.06(a)(1)(A) (West, Westlaw through 2013 3d C.S.). By agreement, the trial court assessed punishment of four years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In his sole issue on appeal, appellant contends that the trial court abused its discretion by allowing the State to impeach him with prior felony convictions and a prior misdemeanor

conviction for a crime of moral turpitude. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

On the afternoon of May 13, 2013, Houston Police Officers Marsh and Bushfield were patrolling downtown Houston when they found appellant lying across a sidewalk near an overpass. The officers observed empty beer cans in the immediate vicinity. The officers woke appellant and asked him to move. Appellant refused. Appellant appeared to be intoxicated. Officer Marsh could smell beer on appellant's breath when he started talking. Officer Marsh observed that appellant had bloodshot eyes. Appellant's behavior suggested he was intoxicated. Officer Marsh believed appellant was a danger to himself because he was asleep on the sidewalk during rush hour and could have stumbled into the road when he woke up. The officers attempted to arrest appellant for Public Intoxication. Appellant became agitated and combative. He used obscenities and threatened the officers and members of their families. Once inside the patrol car, appellant shouted racial comments and threatened Officer Marsh's life.

Appellant was indicted for Retaliation. The case was tried to a jury.

Appellant testified at trial. Prior to his testimony, appellant's trial counsel orally moved to allow appellant to testify free from impeachment. The trial court conducted a hearing outside the presence of the jury. The trial court ruled that any convictions over ten years old would not be admissible. The trial court did allow the State to impeach appellant with four prior felony convictions for possession of a controlled substance, which occurred in 2007 and 2008 and were punished as misdemeanors, and a prior 2007 misdemeanor conviction for attempted theft.

Appellant testified that he remembered telling Officer Marsh she could "suck my dick." However, he denied telling Marsh, "I am going to come find you

2

and your mom and blow your brains out." Appellant denied threatening to beat either officer's ass, and he denied ever threatening to kill a police officer because he did not want to end up in the penitentiary. Appellant acknowledged during direct examination that he had some prior drug-related convictions. During cross-examination, the State impeached appellant with the prior convictions for possession of a controlled substance and attempted theft.

The jury convicted appellant. By agreement, the trial court assessed punishment at four years in prison. Appellant timely appealed.

## DISCUSSION

In his sole issue, appellant argues that the trial court erred when it denied his motion to testify free from impeachment. We disagree.

Rule 609 of the Texas Rules of Evidence governs the admissibility of prior-conviction evidence. Tex. R. Evid. 609. Under Rule 609, evidence that a witness has been previously convicted of a crime is admissible to attack his credibility if the crime was a felony or involved moral turpitude and the trial court determines that the probative value of the evidence outweighs its prejudicial effect. *Id.*; *LaHood v. State*, 171 S.W.3d 613, 620 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd.). Here, the State sought to impeach appellant with prior felony convictions and a misdemeanor conviction for attempted theft, which is a crime involving moral turpitude. *See LaHood*, 171 S.W.3d at 620.

In determining whether the probative value of the evidence outweighs the prejudicial effect, courts look to the factors set out by the Court of Criminal Appeals in *Theus v. State*: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history; (3) the similarity between the past crime and the

3

offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. 845 S.W.2d 874, 880 (Tex. Crim. App. 1992); *Huerta v. State*, 359 S.W.3d 887, 892 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

We review the trial court's admission of evidence under an abuse of discretion standard. *LaHood*, 171 S.W.3d at 620.

The trial court did not abuse its discretion in admitting evidence of appellant's prior convictions. Appellant acknowledges and we agree that the final three *Theus* factors weigh in favor of admissibility. The third factor weighs in favor of admission because the prior offenses of attempted theft and possession of a controlled substance and the charged offense of retaliation are not similar. *See Theus*, 845 S.W.2d 881; *LaHood*, 171 S.W.3d at 621; *Huerta*, 359 S.W.3d at 893. The fourth and fifth factors, which are interrelated, also weigh in favor of admission. Appellant's testimony was critical to the case because there were no eyewitnesses to the offense other than appellant and the officers. As a result, the importance of appellant's credibility was escalated, and the State had a significant need to impeach appellant. *See Theus*, 845 S.W.2d at 881; *LaHood*, 171 S.W.3d at 621; *Huerta*, 359 S.W.3d at 893–94.

The first and second factors weigh in favor of admitting evidence of the prior theft conviction. With regard to appellant's attempted-theft conviction, the first factor favors admission because theft is a crime of deception involving a higher impeachment value than other crimes, such as crimes of violence. *See Huerta*, 359 S.W.3d at 892. With regard to appellant's prior drug-related convictions, the first factor is neutral because they are neither crimes of violence nor deception. *See Leyba v. State*, 416 S.W.3d 563, 571 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd.). The second factor favors admission because

4

appellant's prior convictions occurred near in time to the charged offense and demonstrate appellant's propensity to run afoul of the law. *See, e.g., Theus*, 845 S.W.2d at 881 (prior conviction occurring five years before the charged offense was "recent"); *Huerta*, 359 S.W.3d at 893 (separate prior convictions occurring eight, four, and three years before the charged offense were "near in time" to the charged offense).

Considering all of the *Theus* factors, we hold the trial court did not abuse its discretion in admitting the evidence of appellant's prior convictions.

In the event the trial court did err, the error was harmless. Generally, the erroneous admission of evidence is a non-constitutional error. *See Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). "[A]n appellate court must disregard a non-constitutional error that does not affect a criminal defendant's 'substantial rights.'" *Id.*; *see* Tex. R. App. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010). A non-constitutional error is harmless if the improperly admitted evidence did not influence the jury or had but a slight effect on its deliberations. *Id.* We must examine the entire record and calculate, to the extent possible, the probable impact of the error upon the rest of the evidence. *Id.* The "entire record" includes testimony, physical evidence, the nature of the evidence supporting the verdict, the jury instructions, the State's theory, any defensive theories, closing arguments, voir dire, the character of the alleged error, how the character of the error might be considered in connection with other evidence in the case, and whether the State emphasized the error. *Motilla v. State*, 78 S.W.3d 352, 355–56 (Tex. Crim. App. 2002). The presence of overwhelming evidence supporting the finding of guilt can also be a factor in the evaluation of harmless error. *Id.* at 357.

On direct examination, appellant discussed his criminal history in general to assert that he had been in and out of jail for several years and would not fail to cooperate with police, as he did not want to go to the penitentiary. Appellant reaffirmed that position on cross-examination. The State never asked the jury to convict based on appellant's prior convictions. The prosecutor did not mention the prior convictions at issue in this appeal during his opening or closing statements. The subject of appellant's prior convictions did not arise during voir dire. And the jury instructions made clear that the prior-conviction evidence could be considered only for the purpose of determining the weight of appellant's testimony. Based on the totality of the record, even if the impeachment of appellant was error, we hold that the error was harmless.

## CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.

/s/    Marc W. Brown
       Justice

Panel consists of Justices Jamison, Busby, and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).

6