PD-0318-15

PD-0318-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/23/2015 4:36:13 PM
Accepted 3/25/2015 2:08:00 PM
ABEL ACOSTA
CLERK

NO. PD-_____

## TO THE COURT OF CRIMINAL APPEALS

## FOR THE STATE OF TEXAS

## LORENZO DWAYNE JONES

Appellant

## V.

## STATE OF TEXAS

Appellee

Petition for Discretionary Review from the Fourteenth Court of Appeals
In No. 14-13-01122-CR, Affirming the Conviction
In Cause No. 138,8256
From the 184th District Court of Harris County, Texas
Honorable Leslie Brock-Yates, Presiding

## PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

March 25, 2015

ABEL ACOSTA, CLERK

**Mark A. Rubal**
**SBN 17360325**
**The Rubal Law Firm**
**15150 Middlebrook Dr.**
**Houston, Texas 77058**
**mrubal@ws-law.com**
**(281) 286-2222 Telephone**
**(281) 488-4597 Telefax**

# TABLE OF CONTENTS

TABLE OF CONTENTS............................................................ 2

NAMES OF ALL PARTIES..................................................... 3

INDEX OF AUTHORITIES..................................................... 4

STATEMENT REGARDING ORAL ARGUMENT............... 5

STATEMENT OF THE CASE................................................. 5

PROCEDURAL HISTORY....................................................... 9

GROUNDS FOR REVIEW....................................................... 9

REASON FOR REVIEW........................................................... 9

ARGUMENT............................................................................. 10

PRAYER FOR RELIEF........................................................... 12

CERTIFICATE OF SERVICE................................................. 14

CERTIFICATE OF FILING..................................................... 14

CERTIFICATE OF COMPLIANCE........................................ 15

APPENDIX:
     MEMORANDUM OPINION FROM THE FOURTEENTH COURT OF APPEALS, ISSUED FEBRUARY 26, 2015.

# NAMES OF ALL PARTIES

1. Appellant: . . . . Lorenzo Dwayne Jones
SPN 00406866
701 North San Jacinto
Houston, Texas 77002

2. Attorney(s) for the State: . . Cordt Akers
SBN 24080122
Courtney Rosen
SBN 24086578
Asst. District Attorney(s)
Harris Co. D.A.'s Office
1201 Franklin, Suite 400
Houston, Texas 77002

3. Defense Counsel at Trial: . . Kelly Ann Smith
SBN 00797867
Law Office of Kelly A. Smith
P.O. Box 10751
Houston, Texas 77206

Shirley Cornelius
SBN 04831900
Law Office of Shirley Cornelius
P.O. Box 924544
Houston, Texas 77292

4. Trial Judge: . . . . Hon. Leslie Brock-Yates
Presiding Judge
184th District Court
Houston, Texas 77002

5. Counsel for Appellant: . . Mark A. Rubal
SBN 17360325
15150 Middlebrook Dr.
Houston, Texas 77058

# INDEX OF AUTHORITIES

## CASES

*Page v. State*, 88 S.W.3d 755, 766 (Tex. Crim. App.-Corpus Christi 2002)................................................................................. 12

*Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992)........... 10

*Webb v. State*, 36 S.W.3d 164, 182(Tex.App.-Houston [14th Dist.] 2000).................................................................................... 12

## STATEMENT REGARDING ORAL ARGUMENT

In the event this Petition for Discretionary Review is granted, oral argument is waived unless it would otherwise aid the Court in determining the issue(s) presented.

## STATEMENT OF THE CASE

On May 18, 2013, Appellant Lorenzo Dwayne Jones ("Jones") was charged with Retaliation, under cause number 138,8256. (CR, Vol. 1; p. 5). Jones was indicted on June 4, 2013, and enhanced with a prior conviction for theft from a person. (CR, Vol. 1; p. 10).

On December 3, 2013, a jury was selected to hear the charge against Jones. (RR, Vol. 2). The jury found Jones guilty as charged in the indictment on December 4, 2013. (CR. Vol. 1; p. 21) and (RR, Vol. 4; p. 60-61).

Thereafter, pursuant to a plea bargain between the State and Jones, the Court sentenced Jones to four (4) years confinement in the institution division of the Texas Department of Criminal Justice.[1] (CR, Vol. 1; pp. 22-23) and

---

[1] Prior to the beginning of the trial, the State abandoned the enhancement paragraph alleged in the indictment. (RR, Vol. 3; p. 7). Additionally, Jones had originally elected to have the jury assess punishment in the event he was found guilty. (RR, Vol. 2; p. 26). However, after the jury returned a guilty verdict Jones changed

(RR, Vol. 4; p. 62). On the same day, Jones filed his Notice of Appeal. (CR, Vol. 1; pp. 26-27). A Motion for New Trial was filed on December 31, 2013, which was overruled by operation of law. (CR, Vol. 1; p. 37).

The evidence presented at trial showed that on May 17, 2013, around 4:30 PM, Houston Police Officers Monica Marsh and Adam Bushfield were on bicycle patrol in downtown Houston. In and around the 2100 block of Hamilton Street, they observed Jones sleeping on the sidewalk. They tried to wake Jones up to move him along, but he was slow to respond. When Jones did wake up he was hostile and uncooperative. As he got to his feet, the officers smelled an odor of alcohol, observed him to have red blood shot eyes, and saw empty beer cans around where Jones had been sleeping. The officers decided to arrest Jones for public intoxication.

While the officers were in the process of handcuffing Jones, they testified that he struggled with them, tried to pull away, and was using profane language. After Jones was handcuffed, the Officers said he made racist and vulgar comments to Officer Marsh. Officer Marsh did not remember all the comments made by Jones, but she documented five specific statements he

_____

his election, with the consent of the State, and the Judge assessed the punishment. (RR, Vol. 4; pp. 62-63).

made to her, in her offense report.

Officer Marsh testified that Jones said "bitch suck my dick I'm going to put this dick in your mouth when I get out of these handcuffs". He also said "I'm going to find you and your momma and blow your brains out". Jones further said "take these handcuffs off me you Japanese bitch, I'm going to beat your fucking ass". Additionally, he said "I'm tired of you all harassing me for jaywalking turn me loose bitch". Finally, Jones said "I'm going to get your fucking ass when I get out of these handcuffs".

Both Officers Marsh and Bushfield testified that Jones continually threatened them after he was arrested and before a patrol officer arrived to transport Jones to jail. The officers testified that it took about thirty to forty-five minutes for a patrol officer to arrive because it was during rush hour. Officer Marsh said she felt threatened by Jones' rants and believed he was making the statement(s) because he had been arrested.

Jones did testify and told the jury that he had received a jaywalking ticket and a littering ticket from HPD approximately an hour and half before his encounter with Officers Marsh and Bushfield. (RR, Vol. 3; pp. 60-63) and (RR, Vol. 3; pp. 106-107). Afterwards, he said he laid down on the sidewalk and fell asleep because he wasn't feeling well. When the officers tried to wake

him up they kicked him on his feet like a dog. Jones related that he was upset and knew the officers would escalate the situation. However, he also said since he was only being arrested for public intoxication, a Class C misdemeanor, he was not going to fight with the officers. Jones did admit that he was angry and told the officers "he didn't feel sorry for police when somebody blows them away because they are always messing with someone for no reason". He also remembered telling Marsh that she could suck his dick, but he said he denied making any of the other statements.

Jones further presented the testimony of his brother Robert Jones, who told the jury that Jones was not a violent person, but he was talkative.

Prior to Jones testifying, his trial counsel did make a motion to allow him to testify free of any further impeachment for prior convictions.[2] The Judge did not allow the State to use any felony offense greater than ten (10) years old to impeach Jones' testimony. However, the Judge did allow the State to introduce evidence of four more recent felony drug convictions and a misdemeanor theft conviction for purposes of impeaching Jones' testimony.

_____

[2] The Judge had previously allowed the State to introduce evidence of a prior misdemeanor family assault conviction and a prior misdemeanor criminal mischief conviction because Robert Jones (Jones' brother) testified on direct that his brother was not a violent person. (RR, Vol. 3; pp. 96-101; and RR, Vol. 4; pp. 5-6).

(RR, Vol. 4; pp. 13-16).

The appellate record consists of one (1) volume of the Clerk's Record (CR, Vol. 1; p. ___) and four (4) volumes of the Reporter's Record (RR, Vol. ___; p.___).

## PROCEDURAL HISTORY

On February 26, 2015, in an un-published opinion, the Fourteenth Court of Appeals affirmed the judgment against Appellant. (The opinion is attached as the Appendix to this petition). No motion for rehearing was filed. The deadline for filing a petition for discretionary review is March 28, 2015.

## GROUND(S) FOR REVIEW

1. THE TRIAL COURT ERRED BY DENYING THE MOTION MADE BY JONES TO TESTIFY FREE FROM IMPEACHMENT.

## REASON FOR REVIEW

On appeal, Jones argued that any probative value in using the complained about prior convictions to impeach his testimony was substantially outweighed by the danger of unfair prejudice. As a result, Jones believed the trial judge abused her discretion by allowing the State to use evidence of the prior convictions against him.

In determining whether the probative value of the complained about evidence outweighed the prejudicial effect, the Court of Appeals examined the five (5) factors set out by this Court in *Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992). The Fourteenth Court concluded the trial court did not abuse its discretion in admitting evidence of the prior convictions and affirmed the judgment. *(See pp. 3-5 of Memorandum Opinion)*. Jones believes the Court of Appeals was wrong and respectfully requests this Honorable Court to review his case further.

## **ARGUMENT**

1. THE TRIAL COURT ERRED BY DENYING THE MOTION MADE BY JONES TO TESTIFY FREE FROM IMPEACHMENT.

The factors to be weighed when reviewing a decision by a trial judge to admit or exclude evidence of prior conviction(s) for impeaching the testimony of a witness are: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense and the witness' subsequent criminal history; (3) the similarity between the past crime and the offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. *Theus* at 880.

Jones concedes that the final three (3) factors do arguably weigh in favor of admission. The past offenses were different from the instant charge of retaliation and Jones' testimony and the credibility issue(s) were important because the only evidence supporting or refuting the charge could come from either the officers or Jones.

Notwithstanding, Jones believes the first two factors weigh in favor of exclusion. The dates for the convictions were five (5) and six (6) years before the date of the instant charge. Also, the prior convictions had very little probative value concerning Jones' credibility. Arguably, the attempted theft charge may have been of some use for the jury to discern whether Jones was telling the truth. But the drug convictions were only used to paint Jones as a repeat offender. Neither the attempted theft conviction or the drug convictions served to make it more or less probable that Jones made the subject statements to Officer Marsh. Furthermore, the State theorized that Jones made the statements because he disliked the police (not because he was under the influence of any drugs or that he was trying to steal anything). (RR, Vol. 4; p. 56). Accordingly, the prior convictions were merely used to paint Jones as a criminal. Therefore, under the circumstances, the prejudicial effect of using the complained about convictions did outweigh any probative value.

The Court of Appeals further concluded that, "in the event the trial court did err, the error was harmless". *(See pg. 5 of Memorandum Opinion)* In support, the Court noted that Jones admitted in his testimony that he had been in and out of jail for several years, he would not fail to cooperate with police, as he did not want to go to the penitentiary and the State never asked the jury to convict him on his prior convictions. *Id. at 6.* However, once the "prior conviction bell" is rung it is virtually impossible to un-ring the bell and attempt to partition the evidence for purposes of determining whether the error had a substantial and injurious effect or influence in determining the jury' verdict. If the reviewing court is unsure whether the error affected the outcome, then it should be treated as harmful. *Page v. State*, 88 S.W.3d 755, 766 (Tex. Crim. App.-Corpus Christi 2002); *see also Webb v. State*, 36 S.W.3d 164, 182(Tex.App.-Houston [14th Dist.] 2000).

As a result, if this Court finds that it was error for the trial judge to admit the complained about previous convictions then the error should be treated as harmful and the conviction should be reversed.

## **PRAYER FOR RELIEF**

Jones respectfully prays that the Court of Criminal Appeals review his

case and after re-examination reverse his conviction, remand his case back to the Trial Court or the Court of Appeals for further analysis or enter an order for acquittal. Appellant further requests any and all such other relief to which he may be legally and justly entitled.

Respectfully Submitted,


/s/        Mark A. Rubal

By:    Mark A. Rubal
SBN 17360325
**The Rubal Law Firm**
15150 Middlebrook Dr.
Houston, Texas 77058
mrubal@ws-law.com
(281) 286-2222 Telephone
(281) 488-4438 Telefax
**Attorney for Appellant**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Petition was served upon the District Attorney of Harris County, Texas, on this the 23rd day of March, 2015, by mailing a copy to the Appellate Division, 1201 Franklin, 6th Floor, Houston, Texas 77002.

I further certify that, on the same day, a true and correct copy of this Petition was mailed to Appellant, Lorenzo Dwayne Jones, SPN 00406866, 701 North San Jacinto, Houston, Texas 77002 by CMRRR NO. 7013 1710 0001 3124 4229.

/s/      Mark A. Rubal
Mark A. Rubal

## CERTIFICATE OF FILING

I further hereby certify that the foregoing petition and Appendix was filed with the Clerk of the Court using the CM/ECF System on March 23, 2015.

/s/      Mark A. Rubal
Mark A. Rubal

# CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. PROC. 9.4, undersigned counsel certifies that this brief complies with the form requirements of the rule and exclusive of the portions exempted by the rule, this brief contains 1,790 words printed in a proportionally spaced typeface.

/s/  Mark A. Rubal
Mark A. Rubal

# APPENDIX



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

## NO. 14-13-01122-CR

---

**LORENZO DWAYNE JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1388256**

---

# M E M O R A N D U M    O P I N I O N

A jury convicted appellant Lorenzo Dwayne Jones of Retaliation. *See* Tex. Penal Code Ann. § 36.06(a)(1)(A) (West, Westlaw through 2013 3d C.S.). By agreement, the trial court assessed punishment of four years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In his sole issue on appeal, appellant contends that the trial court abused its discretion by allowing the State to impeach him with prior felony convictions and a prior misdemeanor

conviction for a crime of moral turpitude. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

On the afternoon of May 13, 2013, Houston Police Officers Marsh and Bushfield were patrolling downtown Houston when they found appellant lying across a sidewalk near an overpass. The officers observed empty beer cans in the immediate vicinity. The officers woke appellant and asked him to move. Appellant refused. Appellant appeared to be intoxicated. Officer Marsh could smell beer on appellant's breath when he started talking. Officer Marsh observed that appellant had bloodshot eyes. Appellant's behavior suggested he was intoxicated. Officer Marsh believed appellant was a danger to himself because he was asleep on the sidewalk during rush hour and could have stumbled into the road when he woke up. The officers attempted to arrest appellant for Public Intoxication. Appellant became agitated and combative. He used obscenities and threatened the officers and members of their families. Once inside the patrol car, appellant shouted racial comments and threatened Officer Marsh's life.

Appellant was indicted for Retaliation. The case was tried to a jury.

Appellant testified at trial. Prior to his testimony, appellant's trial counsel orally moved to allow appellant to testify free from impeachment. The trial court conducted a hearing outside the presence of the jury. The trial court ruled that any convictions over ten years old would not be admissible. The trial court did allow the State to impeach appellant with four prior felony convictions for possession of a controlled substance, which occurred in 2007 and 2008 and were punished as misdemeanors, and a prior 2007 misdemeanor conviction for attempted theft.

Appellant testified that he remembered telling Officer Marsh she could "suck my dick." However, he denied telling Marsh, "I am going to come find you

2

and your mom and blow your brains out." Appellant denied threatening to beat either officer's ass, and he denied ever threatening to kill a police officer because he did not want to end up in the penitentiary. Appellant acknowledged during direct examination that he had some prior drug-related convictions. During cross-examination, the State impeached appellant with the prior convictions for possession of a controlled substance and attempted theft.

The jury convicted appellant. By agreement, the trial court assessed punishment at four years in prison. Appellant timely appealed.

## DISCUSSION

In his sole issue, appellant argues that the trial court erred when it denied his motion to testify free from impeachment. We disagree.

Rule 609 of the Texas Rules of Evidence governs the admissibility of prior-conviction evidence. Tex. R. Evid. 609. Under Rule 609, evidence that a witness has been previously convicted of a crime is admissible to attack his credibility if the crime was a felony or involved moral turpitude and the trial court determines that the probative value of the evidence outweighs its prejudicial effect. *Id.*; *LaHood v. State*, 171 S.W.3d 613, 620 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd.). Here, the State sought to impeach appellant with prior felony convictions and a misdemeanor conviction for attempted theft, which is a crime involving moral turpitude. *See LaHood*, 171 S.W.3d at 620.

In determining whether the probative value of the evidence outweighs the prejudicial effect, courts look to the factors set out by the Court of Criminal Appeals in *Theus v. State*: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history; (3) the similarity between the past crime and the

3

offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. 845 S.W.2d 874, 880 (Tex. Crim. App. 1992); *Huerta v. State*, 359 S.W.3d 887, 892 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

We review the trial court's admission of evidence under an abuse of discretion standard. *LaHood*, 171 S.W.3d at 620.

The trial court did not abuse its discretion in admitting evidence of appellant's prior convictions. Appellant acknowledges and we agree that the final three *Theus* factors weigh in favor of admissibility. The third factor weighs in favor of admission because the prior offenses of attempted theft and possession of a controlled substance and the charged offense of retaliation are not similar. *See Theus*, 845 S.W.2d 881; *LaHood*, 171 S.W.3d at 621; *Huerta*, 359 S.W.3d at 893. The fourth and fifth factors, which are interrelated, also weigh in favor of admission. Appellant's testimony was critical to the case because there were no eyewitnesses to the offense other than appellant and the officers. As a result, the importance of appellant's credibility was escalated, and the State had a significant need to impeach appellant. *See Theus*, 845 S.W.2d at 881; *LaHood*, 171 S.W.3d at 621; *Huerta*, 359 S.W.3d at 893–94.

The first and second factors weigh in favor of admitting evidence of the prior theft conviction. With regard to appellant's attempted-theft conviction, the first factor favors admission because theft is a crime of deception involving a higher impeachment value than other crimes, such as crimes of violence. *See Huerta*, 359 S.W.3d at 892. With regard to appellant's prior drug-related convictions, the first factor is neutral because they are neither crimes of violence nor deception. *See Leyba v. State*, 416 S.W.3d 563, 571 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd.). The second factor favors admission because

4

appellant's prior convictions occurred near in time to the charged offense and demonstrate appellant's propensity to run afoul of the law. *See, e.g., Theus*, 845 S.W.2d at 881 (prior conviction occurring five years before the charged offense was "recent"); *Huerta*, 359 S.W.3d at 893 (separate prior convictions occurring eight, four, and three years before the charged offense were "near in time" to the charged offense).

Considering all of the *Theus* factors, we hold the trial court did not abuse its discretion in admitting the evidence of appellant's prior convictions.

In the event the trial court did err, the error was harmless. Generally, the erroneous admission of evidence is a non-constitutional error. *See Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). "[A]n appellate court must disregard a non-constitutional error that does not affect a criminal defendant's 'substantial rights.'" *Id.*; *see* Tex. R. App. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010). A non-constitutional error is harmless if the improperly admitted evidence did not influence the jury or had but a slight effect on its deliberations. *Id.* We must examine the entire record and calculate, to the extent possible, the probable impact of the error upon the rest of the evidence. *Id.* The "entire record" includes testimony, physical evidence, the nature of the evidence supporting the verdict, the jury instructions, the State's theory, any defensive theories, closing arguments, voir dire, the character of the alleged error, how the character of the error might be considered in connection with other evidence in the case, and whether the State emphasized the error. *Motilla v. State*, 78 S.W.3d 352, 355–56 (Tex. Crim. App. 2002). The presence of overwhelming evidence supporting the finding of guilt can also be a factor in the evaluation of harmless error. *Id.* at 357.

On direct examination, appellant discussed his criminal history in general to assert that he had been in and out of jail for several years and would not fail to cooperate with police, as he did not want to go to the penitentiary. Appellant reaffirmed that position on cross-examination. The State never asked the jury to convict based on appellant's prior convictions. The prosecutor did not mention the prior convictions at issue in this appeal during his opening or closing statements. The subject of appellant's prior convictions did not arise during voir dire. And the jury instructions made clear that the prior-conviction evidence could be considered only for the purpose of determining the weight of appellant's testimony. Based on the totality of the record, even if the impeachment of appellant was error, we hold that the error was harmless.

## CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.

/s/     Marc W. Brown
        Justice

Panel consists of Justices Jamison, Busby, and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).

6