

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00643-CR

DONOVAN DARREN LEVOY MEADOWS

APPELLANT

V.

THE STATE OF TEXAS

STATE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1] ON REMAND

------------

### I. Introduction

A jury concluded that appellant Donovan Darren Levoy Meadows robbed two Buffalo Wild Wings employees at gunpoint after hearing witness testimony that he threatened to blow their heads off if they pushed the panic button, failed to comply with his instructions to open the restaurant's safe, or made any movements after he left them in the restaurant's walk-in freezer. *See Meadows*

---

[1]*See* Tex. R. App. P. 47.4.

*v. State*, No. 02-12-00643-CR, 2014 WL 84207, at *3–4 (Tex. App.—Fort Worth Jan. 9, 2014) (mem. op., not designated for publication), *rev'd*, No. PD-0175-14, 2015 WL 778556 (Tex. Crim. App. Feb. 25, 2015).[2] The jury convicted Meadows of two counts of aggravated robbery and assessed his punishment at seventy-five years' confinement on each count. *Id.* at *1.

In a single point in his direct appeal to this court, Meadows argued that the trial court had abused its discretion by allowing the State to cross-examine him during the guilt-innocence phase of trial with evidence of three felony theft convictions that were more than ten years old and a 2009 misdemeanor assault conviction that was not a crime involving moral turpitude. *See id.* Regarding the three felony convictions, Meadows asked us to revisit our application of the tacking doctrine in *Jackson v. State*, 50 S.W.3d 579, 591 (Tex. App.—Fort Worth 2001, pet. ref'd). *Id.* at *1–2. We declined the invitation to do so, overruled the portion of Meadows's sole point that pertained to the three felony convictions on that basis, overruled the portion of his sole point that pertained to his 2009 misdemeanor conviction on a different basis, and affirmed the trial court's judgment. *See id.* at *1, *3–6.

---

[2]The restaurant's surveillance video corroborated the testimony of the State's witnesses; it showed the robber removing his mask after he left the building but before he was out of surveillance range. 2014 WL 84207, at *4. After several of Meadows's acquaintances identified him as the culprit, Meadows admitted that he had been the masked man but claimed that what appeared to be a gun was actually a water nozzle spray gun, denied threatening anyone, and contended that he had committed a theft, not a robbery. *Id.* at *4 & n.7, *5.

On February 25, 2015, the court of criminal appeals held that the unambiguous plain language of rule 609 supplants the common-law tacking doctrine that we relied upon in overruling the portion of Meadows's sole point that pertained to his prior felony convictions. *Meadows*, 2015 WL 778556, at *2, *4. The court of criminal appeals reversed our judgment and remanded the case to us, instructing us to reconsider our ruling on those convictions under the more restrictive standard of rule 609(b). *Id.* As set out below, we have done so and once more affirm the trial court's judgment.[3]

## II. Discussion

The trial occurred from November 26 to November 29, 2012. Before cross-examining Meadows and outside of the jury's presence, the State announced its intent to question Meadows about his convictions for, among other things, theft by receiving and grand larceny in the early 1990s[4] and his 1996

---

[3]We will not revisit the portion of Meadows's sole point in which he argued that his 2009 misdemeanor assault-family violence conviction should not have been admitted under the false-impression exception. With regard to that conviction, in our original opinion, we assumed without deciding that the trial court had erred by admitting the misdemeanor conviction but found that any such error had no substantial or injurious effect or influence in determining the jury's verdict after performing the appropriate harm analysis. *Meadows*, 2014 WL 84207, at *3–6 (reviewing the record as a whole, including testimony and physical evidence, the nature of that evidence, and the character of the alleged error, along with jury instructions, the State's theory and any defensive theories, closing arguments, and voir dire to conclude that the error, if any, was harmless). The court of criminal appeals did not remand the case to us to reconsider this analysis. *Cf. Meadows*, 2015 WL 778556, at *4.

[4]In 1990, Meadows was convicted of theft by receiving. He received probation for his grand larceny conviction, but his probation was revoked in 1991.

3

conviction for theft of property $20,000 to $100,000. *Meadows*, 2014 WL 84207, at *1. The trial court acknowledged that the convictions were beyond ten years old but found "that in the interest of justice, the probative value of the conviction[s] and supported by the specific facts and circumstances outweighs the prejudicial effect." *Id.*

## A. Standard of Review

We review a trial court's admission of evidence for an abuse of discretion, and wide discretion is afforded to the trial court. *Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992). Only if the trial court's decision falls outside the "zone of reasonable disagreement" has it abused its discretion. *Id.*; *Miller v. State*, 196 S.W.3d 256, 267 (Tex. App.—Fort Worth 2006, pet. ref'd).

## B. Remote Convictions

In his original appeal, Meadows argued that the admission of his three prior felony theft convictions allowed his impeachment "merely for being a criminal generally" and that the trial court abused its discretion by admitting them because it improperly applied the balancing test under rule 609(b) by failing to find that the probative value of the convictions "substantially" outweighed their prejudicial effect.

The pertinent portions of rule of evidence 609, which provides for impeachment by evidence of conviction of a crime, are as follows:

> (a) In General. Evidence of a criminal conviction offered to attack a witness's character for truthfulness must be admitted if:

> (1) The crime was a felony or involved moral turpitude, regardless of punishment;
>
> (2) The probative value of the evidence outweighs its prejudicial effect to a party; and
>
> (3) It is elicited from the witness or established by public record.
>
> (b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect.

Tex. R. Evid. 609(a)–(b).

A nonexclusive list of factors to consider in weighing the probative value of a conviction against its prejudicial effect includes (1) the past crime's impeachment value, (2) the past crime's temporal proximity relative to the charged offense and the witness's subsequent history, (3) the similarity between the past crime and the offense being prosecuted, (4) the importance of the defendant's testimony, and (5) the importance of the credibility issue. *Theus*, 845 S.W.2d at 880. The impeachment value of crimes that involve deception is higher than those involving violence, while those involving violence have a higher prejudicial potential. *Id.* at 881. Temporal proximity favors admission if the past crime is recent and the witness has demonstrated a propensity for running afoul of the law, while if the past crime and charged crime are similar, this weighs against admission because similarity suggests the possibility that the jury could convict on the perception of a pattern of past conduct rather than on the facts of the charged offense. *Id.* When the case involves the testimony of only the

5

defendant and the State's witnesses, the importance of the defendant's credibility and testimony escalates and weighs in favor of admission. *Id.*

Theft is a crime of deception. *See Huerta v. State*, 359 S.W.3d 887, 892 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("Theft is a crime of moral turpitude involving elements of deception."). Therefore, Meadows's three felony theft convictions had a high impeachment value. *See id.* However, the three theft convictions were also remote and were similar to the charged offense in that they involved taking property that did not belong to him, weighing against their probative value, even though none of the prior thefts involved violence. *Theus*, 845 S.W.2d at 880. As the only defense witness who testified, Meadows's credibility was paramount, supporting the admission of the prior theft convictions. *See id.* at 881. We cannot say, on the record before us,[5] that the trial court could not have found that the probative value of the prior felony convictions substantially outweighed their prejudicial effect or that it abused its discretion by admitting them, particularly when Meadows stated during his direct testimony that he had intended to steal money from the restaurant but that his objective had been to commit theft, not robbery, presenting the jury with a credibility issue to resolve. Because we conclude that the trial court did not abuse its discretion by admitting the three felony theft convictions, we overrule this remanded portion of Meadows's sole point.

---

[5] *See generally Meadows*, 2014 WL 84207, at *3–5 (setting out a summary of all of the testimony presented at trial).

### III. Conclusion

Having overruled Meadows's sole point on remand, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: GARDNER, WALKER, and SUDDERTH, JJ.[6]

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 30, 2015

---

[6]Justice Bob McCoy retired from the Second Court of Appeals before the court of criminal appeals remanded the case.