ACCEPTED
14-15-00258-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
11/17/2015 11:49:46 AM
CHRISTOPHER PRINE
CLERK

## No. 14-15-00258-CR

In the
Court of Appeals
For the
Fourteenth District of Texas
At Houston

——————◆——————

### No. 1389665

In the 263rd District Court
Of Harris County, Texas

——————◆——————

**TOMMIE RAY LIMBRICK**
*Appellant*

V.

**THE STATE OF TEXAS**
*Appellee*

——————◆——————

STATE'S APPELLATE BRIEF

——————◆——————

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

11/17/2015 11:49:46 AM

CHRISTOPHER A. PRINE
Clerk

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ABBIE MILES**
State Bar No: 24072240
Assistant District Attorney
Harris County, Texas

**STUART TALLICHET**
Assistant District Attorney
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
FAX No.: 713/755-5809

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State requests oral argument only if oral argument is requested by the appellant.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Complainant, victim, or aggrieved party:

**Chelby Walker**

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Abbie Miles** — Assistant District Attorney on appeal

**Stuart Tallichet** — Assistant District Attorneys at trial

Appellant or criminal defendant:

**Tommie Ray Limbrick**

Counsel for Appellant:

**Sharon E. Slopis** — Counsel on appeal

**George "William" Tennant Jr. & Dani Bradberry** — Counsel at trial

Trial Judge:

**Hon. Jim Wallace** — Presiding Judge

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT…………………………......…i

IDENTIFICATION OF THE PARTIES………………………………..……..i

INDEX OF AUTHORITIES……………………………………………………iii

STATEMENT OF THE CASE………………………………………………..1

STATEMENT OF THE FACTS……………………………………………....1

SUMMARY OF THE ARGUMENT……………………………………….......2

REPLY TO APPELLANT'S FIRST ISSUE PRESENTED
Trial counsel was not render ineffective assistance of counsel because appellant cannot overcome the presumption of reasonably competent representation in light of the silent record. Additionally, trial counsel was not deficient for failing to file a sworn motion for community supervision because a sworn motion for community supervision is not required when seeking community supervision from a judge. Also, trial counsel was not deficient for objecting to the ten year sentence as cruel and unusual punishment because the sentence was at the low end of the range of punishment for the offense, and was warranted based on the facts of the case………………………………………………………………......…..4

Appellant's claim that his sentence of ten years in prison constitutes cruel and unusual punishment has not preserved this point of error for appellate review because he neither objected in the trial court at the time sentence was pronounced, nor raised the issue in a post-trial motion. For this reason alone, appellant's point of error should be overruled. If this Court chooses to address the merits of appellant's second point of error, the sentence of ten years in prison did not constitute cruel and unusual punishment because it was within the range of punishment for the offense which appellant pled guilty to, and was warranted considering the facts of the case……….13

CONCLUSION……………………………………………………………………20

CERTIFICATE OF SERVICE……………………………………………….....……….21

# INDEX OF AUTHORITIES

**Cases**

*Arriaga v. State*,
   335 S.W.3d 331 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (mem. op., not designated for publication) ........................................................................................ 19

*Atkins v. Virginia*,
   536 U.S. 304 (2002) ........................................................................................ 16

*Baldridge v. State*,
   77 S.W.3d 890 (Tex.App.—Houston [14th Dist.] 2002, pet. ref'd). ............................ 19

*Beyince v. State*,
   954 S.W.2d 878 (Tex. App.--Houston [14th Dist.] 1997, no pet.) .............................. 10

*Bingham v. State*,
   915 S.W.2d 9 (Tex. Crim. App. 1994) .................................................................. 6

*Bone v. State*,
   77 S.W.3d 828 (Tex. Crim. App. 2002) ................................................................ 6

*Burns v. State*,
   122 S.W.3d 434 (Tex. App.--Houston [1st Dist.] 2003, pet. ref'd) ............................ 8

*Cannon v. State*,
   668 S.W.2d 401 (Tex. Crim. App. 1984) ............................................................... 6

*Cardenas v. State*,
   30 S.W.3d 384 (Tex. Crim. App 2000) ................................................................ 13

*Chapman v. State*,
   859 S.W.2d 509 (Tex. App.—Houston [1st Dist.] 1993) ......................................... 14

*Charles v. State*,
   146 S.W.3d 204 (Tex. Crim. App. 2004) .............................................................. 6

*Cruz v. State*,
   838 S.W.2d 682 (Tex. App.—Houston [14th Dist.] 1992, pet ref'd) .......................... 15

*Davis v. State*,
   930 S.W.2d 765 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) ........................... 7

*Diamond v. State*,
   419 S.W.3d 435 (Tex. App.—Beaumont, 2012, no pet.) ......................................... 18

*Downs v. State*,
   244 S.W.3d 511 (Tex. App.--Fort Worth 2007, pet. ref'd) ...................................... 8

*Ellison v. State*,
   S .W.3d 714 (Tex. Crim. App. 2006) .................................................................. 10

*Gamble v. State*,
   916 S.W.2d 92 (Tex. App.—Houston [1st Dist.] 1996, no pet) ................................ 7

*Gavin v. State,*
   404 S.W.3d 597 (Tex. App.--Houston [1st Dist.] 2010, no pet.). .............................. 15

*George v. State,*
   No.03-05-00415-CR, 2007 WL 1451995 (Tex. App.—Austin 2007, no pet.) .......... 10

*Goodspeed v. State,*
   187 S.W.3d 390 (Tex. Crim. App. 2005) ................................................................ 7

*Hollin v. State,*
   227 S.W.3d 117 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) .......................... 14

*Huerta v. State,*
   359 S.W.3d 887 (Tex. App.--Houston [14th Dist.] 2012, no pet.) ............................ 7

*Huynh v. State,*
   833 S.W.2d 636 (Tex. App.—Houston [14th Dist.] 1992, no pet.) ........................... 11

*Jackson v. State,*
   877 S.W.2d 768 (Tex. Crim. App. 1994) ................................................................ 7

*Jagaroo v. State,*
   180 S.W.3d 793 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'). ......................... 12

*Lopez v. State,*
   343 S.W.3d 137 (Tex. Crim. App. 2011) ................................................................ 7

*Louisiana ex rel. Francis v. Resweber,*
   329 U.S. 459 (1947). ........................................................................................... 15

*Mata v. State,*
   226 S.W.3d 425 (Tex. Crim. App. 2007) ........................................................... 7, 8

*McCarty v. State,*
   227 S.W.3d 415 (Tex. App.--Texarkana 2007), aff'd, 257 S.W.3d 238 (Tex. Crim.
   App. 2008) ........................................................................................................ 10

*McFarland v. State,*
   928 S.W.2d 482 (Tex. Crim. App. 1996) ................................................................ 6

*Nicholas v. State,*
   56 S.W.3d 760 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) .......................... 14

*Peacock v. State,*
   No. 14-00-00875-CR, 2001 WL 931135 (Tex. App.—Houston [14 Dist.] 2001, no
   pet.) ................................................................................................................. 19

*Quintana v. State,*
   777 S.W.2d 474 (Tex. App.—Corpus Christi 1989, pet. ref'd) ................................. 15

*Ramos v. State,*
   45 S.W.3d 305 (Tex. App.--Fort Worth 2001, pet. ref'd) .......................................... 8

*Rezac v. State,*
   782 S.W.2d 869 (Tex. Crim. App. 1990) ................................................................ 14

*Roper v. Simmons,*
   543 U.S. 551 (2005). ........................................................................................... 15

*Ruiz v. State,*
   No. 05-01-01176-CR, 2002 WL 981911 (Tex. App.—Dallas May 14, 2002, pet.
   dism'd) (mem. op., not designated for publication). ................................................ 11

*Rylander v. State,*
　101 S.W.3d 107 (Tex. Crim. App. 2003) ............................................................. 6
*Safari v. State,*
　961 S.W.2d 437 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) ............................. 7
*Samuel v. State,*
　477 S.W.2d 611 (Tex. Crim. App. 1972) ....................................................... 15, 18
*Solis v. State,*
　945 S.W.2d 300 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) ............................ 14
*Steward v. LaGrand,*
　526 U.S. 115, 119 S.Ct. 1019, 143 L.Ed.2d 196 (1999) ..................................... 14
*Strickland v. Washington,*
　104 S.Ct. 2052 (1984) ........................................................................ 5, 6
*Thompson v. State,*
　9 S.W.3d 808 (Tex. Crim. App. 1999) ........................................................ 5, 6
*Toney v. State,*
　3 S.W.3d 199 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) ............................. 7
*Vaughn v. State,*
　931 S.W.2d 564 (Tex. Crim. App. 1996). ..................................................... 12
*Washington v. State,*
　No. 01-13-00369-CR, 2014 WL 4658476 (Tex. App.–Houston [1st. Dist.] 2014, no
　pet.) (mem. op., not designated for publication) ............................................ 11
*Wert v. State,*
　383 S.W.3d 747 (Tex. App.--Houston [14th Dist.] 2012, no pet.) ............................ 8
*Young v. State,*
　425 S.W.3d 469 (Tex. App.—Houston [1st. Dist.] 2012, pet. ref'd) ......................... 18

**Statutes**

TEX. PENAL CODE ANN. § 29.03(b) and § 12.32 (West 2013) ................................... 18
TEX. CODE OF CRIM. PROC. art. 42.12 § 4(d)(3) (West 2015 ................................... 10
TEX. CODE OF CRIM. PROC. art. 42.12 § 5(a) (West 2015) ................................... 9, 10

**Rules**

TEX. R. APP. P. 9.4(g) .......................................................................... i
TEX. R. APP. PROC. 33.1(a) ................................................................. 13, 15
TEX. R. APP. PROC. 38.1(1)(i) ................................................................ 12
TEX. R. APP. P. 38.2(a)(1)(A) .................................................................. i
TEX. R. APP. P. 39.1 ........................................................................... i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged with aggravated sexual assault of a child under fourteen years of age (C.R. 5). Appellant entered a plea of guilty to the offense, and the case was reset for a punishment hearing (C.R. 71-72, 85; R.R.II 3). After a punishment hearing, the trial court sentenced appellant to confinement for 10 years in the Institutional Division of the Texas Department of Criminal Justice (C.R. 85; R.R.IV 4). A written notice of appeal was timely filed (C.R. 82, 88, C.R. Supp.II 3). No motion for new trial was filed.

——————◆——————

## STATEMENT OF FACTS

The State challenges all factual assertions in appellant's brief and presents the following account of the facts.

Appellant was charged with aggravated sexual assault of a child under fourteen (C.R. 5). On February 13, 2015, appellant entered a plea of guilty to the offense, and the case was reset for a punishment hearing (C.R. 71-72, 85; R.R.II 3). A punishment hearing was held on February 16, 2015 (R.R.III). At the hearing Jennifer Ferrigno, behavioral specialist, testified for the State (R.R.III 6). She worked for Cy-Fair Independent School District at the time of the offense (R.R.III 7, C.R. 5). The complainant, Chelby Walker, told Ms. Ferrigno that she had been "sexually assaulted"

by her stepfather, "Tommy" (R.R.III 9-10). She elaborated that "he had invited her to lay in bed with him. And that he had kissed on her and then he had stuck his hand in her pants." (R.R.III 10). This made Chelby uncomfortable (R.R.III 11). Chelby started to cry as she recounted what happened to her (R.R.III 11). Ms. Ferrigno called CPS and Chelby's parents (R.R.III 11).

Chelby's father, Gregory Walker, went to the apartment where Chelby lived with her mother and Tommie Limbrick, appellant, and then contacted the police (R.R.III 19). Chelby's mom called appellant and asked "him to come [home] and set the record straight in front of [everyone]" including Chelby (R.R.III 20). Appellant arrived while Mr. Walker still there (R.R.III 19). Appellant apologized "for everything that just happened" (R.R.III 20). Police officers went inside the apartment and came out with appellant in handcuffs (R.R.III 22, 37).

Deputy Thomas and Deputy Shriver, of the Harris County Sheriff's Office, responded to the scene on May 2, 2013 (R.R.III 32-34). Deputy Shriver interviewed Chelby while Deputy Thomas spoke with appellant about the accusations that had been made against him (R.R.III 36). Appellant said that he "kissed her" and "fondled her" (R.R.III 36). He expressed remorse and his desire to handle it "within the family" (R.R.III 36). Appellant was arrested (R.R.III 37).

On the day of the incident Chelby was wearing her mom's pink shirt (R.R.III 48, 61). Appellant called her "Kayle" which is her mom's nickname, and Chelby did not correct him (R.R.III 48-50). Appellant then "put his hands inside [her] pants"

2

(R.R.III 49). Chelby stated that she went into the bedroom that morning because her "real dad…told [her] that he would love [her] more if [she] got [her] step dad to do something he wasn't supposed to do" (R.R.III 51, 55). When appellant realized who Chelby was he appeared apologetic and cried (R.R.III 53). Chelby claimed that her real dad continued to ask her to do things "to put [her] step dad in jail" after the incident (R.R.III 52). Chelby's mom, Dakayle Limbrick AKA Claudette Walker, testified that she wanted appellant to come home so they could be "a complete family" and that she did not believe that appellant intentionally sexually assaulted Chelby (R.R.III 60, 63). Ms. Limbrick testified that appellant had sleep apnea, and had an unusual sleep schedule because he was a truck driver (R.R.III 64). Ms. Limbrick described appellant as an "honest man" who was "very respectful of law enforcement" (R.R.III 64). Appellant apologized to everyone for what he did (R.R.III 65). Ms. Limbrick married appellant ten days after he sexually assault Chelby (R.R.III 66).

————————◆————————

## SUMMARY OF THE ARGUMENT

Trial counsel was not render ineffective assistance of counsel because appellant cannot overcome the presumption of reasonably competent representation in light of the silent record. Additionally, trial counsel was not deficient for failing to file a sworn motion for community supervision because a sworn motion for

3

community supervision is not required when seeking community supervision from the trial judge. Also, trial counsel was not deficient for objecting to the ten year sentence as cruel and unusual punishment because the sentence was at the low end of the range of punishment for the offense, and was warranted based on the facts of the case.

Appellant's claim that his sentence of ten years in prison constitutes cruel and unusual punishment has not preserved this point of error for appellate review because he neither objected in the trial court at the time sentence was pronounced, nor raised the issue in a post-trial motion. For this reason alone, appellant's point of error should be overruled. If this Court chooses to address the merits of appellant's second point of error, the sentence of ten years in prison did not constitute cruel and unusual punishment because it was within the range of punishment for the offense which appellant pled guilty to, and was warranted considering the facts of the case.

———————————◆———————————

## REPLY TO FIRST POINT OF ERROR

Appellant claims that his trial counsel was deficient was not filing a motion for community supervision and failing to object to the ten year sentence as cruel and unusual punishment. However, appellant cannot overcome the presumption of reasonably competent representation in light of the silent record. Additionally, trial counsel was not deficient for failing to file a sworn motion for community supervision because a sworn motion for community supervision is not required when seeking

4

community supervision from the trial judge. Also, trial counsel was not deficient for objecting to the ten year sentence as cruel and unusual punishment because the sentence was at the low range of punishment for the offense, and was warranted based on the facts of the case.

## Analysis

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient; and (2) this deficiency was so prejudicial that it rendered the trial unfair. *Strickland v. Washington*, 466 U.S. 668, 677-78, 104 S.Ct. 2052, 2064 (1984). The first prong of the *Strickland* standard requires the defendant to show that counsel's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Regarding the second prong, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.* at 813.

An appellate court examines the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Id.* An appellate court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 688. Judicial scrutiny of counsel's performance must be highly deferential. *Id.* A defendant carries the burden of proving his claim of ineffective assistance of counsel by a

preponderance of the evidence. *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). A defendant must overcome the strong presumption that an attorney's actions were sound trial strategy. *Strickland*, 466 U.S. at 688. Furthermore, a claim of ineffective assistance of counsel must be firmly supported by the record. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), *overruled on other grounds*, *Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994).

The record on direct appeal usually will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id.* In the majority of cases, the record on direct appeal is simply underdeveloped and cannot adequately reflect the alleged failings of trial counsel. *Id.* (quoting *Thompson*, 9 S.W.3d at 813-14).

Trial counsel should ordinarily be afforded an opportunity to explain her actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003); *see also Charles v. State*, 146 S.W.3d 204, 210 (Tex. Crim. App. 2004) (person with most, if not exclusive, knowledge of the salient facts regarding an ineffectiveness claim is usually defendant's trial counsel). Absent such an opportunity, an appellate court should not find deficient performance unless the

challenged conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

When the record is silent as to counsel's trial strategy, an appellate court may not speculate about why counsel acted as he did. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Toney v. State*, 3 S.W.3d 199, 210 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd); *Safari v. State*, 961 S.W.2d 437, 445 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd, untimely filed); *Davis v. State*, 930 S.W.2d 765, 769 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd); *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Without testimony from trial counsel, an appellate court must presume that counsel had a plausible reason for his actions. *Lopez v. State*, 343 S.W.3d 137, 142-43 (Tex. Crim. App. 2011); *Mata v. State*, 226 S.W.3d 425, 430-31 (Tex. Crim. App. 2007); *Safari*, 961 S.W.2d at 445. In the absence of such testimony, an appellate court cannot meaningfully address claims of ineffectiveness. *Davis*, 930 S.W.2d at 769.

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Huerta v. State*, 359 S.W.3d 887, 891 (Tex. App.--Houston [14th Dist.] 2012, no pet.). It is not sufficient that the defendant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. *Id.* Rather, to show that counsel's acts or omissions were outside the range of

professionally competent assistance, the defendant must show that counsel's errors were so serious that she was not functioning as counsel. *Id.*

Following his conviction, appellant did not file a motion for new trial. As such, appellant's trial counsel has not had the opportunity to explain his trial strategy or how his actions and inactions were possibly consistent with such a strategy. Accordingly, the record is silent regarding counsel's strategy. In such a circumstance, it must be presumed that counsel had a plausible strategic reason for his manner of representation. *Mata*, 226 S.W.3d at 430-31. Facing a silent record, it would be inappropriate for a reviewing court to speculate that counsel's representation of appellant was not guided by sound trial strategy.

Given the silent record, appellant has failed to overcome the presumption that trial counsel's challenged actions and omissions were sound trial strategy. For this reason alone, appellant's allegations of ineffectiveness for failing to file a sworn motion for community supervision and object to the ten year sentence as cruel and unusual punishment should be defeated. *Wert v. State*, 383 S.W.3d 747, 757-58 (Tex. App.--Houston [14th Dist.] 2012, no pet.); *Downs v. State*, 244 S.W.3d 511, 515 (Tex. App.--Fort Worth 2007, pet. ref'd); *Burns v. State*, 122 S.W.3d 434, 436-37 (Tex. App.-- Houston [1st Dist.] 2003, pet. ref'd); *see also Ramos v. State*, 45 S.W.3d 305, 311-12 (Tex. App.--Fort Worth 2001, pet. ref'd) (rejecting defendant's eighteen allegations of ineffectiveness solely because record was silent regarding trial counsel's strategy). If this Court chooses to address the merits of appellant's claim, trial counsel was not

deficient for failing to file a sworn motion for community supervision and failing to object to the ten year sentence as cruel and unusual punishment.

Regarding the motion for community supervision, appellant argues "that trial counsel's failure to file a motion for probation was *per se* ineffective assistance of counsel….and that trial counsel's failure to file a sworn motion for probation could not possibly be considered 'trial strategy'…"[1] A judge is permitted to grant deferred adjudication community supervision when "in the judge's opinion the best interest of society and the defendant will be served…after receiving a plea of guilty or nolo contendre, hearing the evidence, and finding that it substantiates the defendant's guilty, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision." TEX. CODE OF CRIM. PROC. art. 42.12 § 5(a) (West 2015).

Appellant filed an election requesting the trial court assess his punishment (C.R. 69). Appellant signed admonishments that the range of punishment for the offense for which he was pleading guilty to was "a term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may be assessed." (C.R. 73). Appellant did not file a sworn motion for community supervision.

---

[1] Appellant's brief at 16.

When a jury assesses punishment, and a defendant seeks community supervision, for that defendant to be eligible to receive community supervision, he must file a sworn motion that he is eligible to receive community supervision. TEX. CODE OF CRIM. PROC. art. 42.12 § 4(d)(3) (West 2015); *See McCarty v. State,* 227 S.W.3d 415, 418 (Tex. App.--Texarkana 2007), *aff'd,* 257 S.W.3d 238 (Tex. Crim. App. 2008) (defendant is eligible for jury-recommended community supervision only if he files a sworn motion, and proves he has no prior felony convictions); *Beyince v. State,* 954 S.W.2d 878, 879-80 (Tex. App.--Houston [14th Dist.] 1997, no pet.) ( §4(e) of article 42.12 governing time to file application for probation is mandatory); *See also Ellison v. State,* 201 S .W.3d 714, 718 (Tex. Crim. App. 006) (acknowledging that under § 4 of article 42.12, jury must make two determinations: "(1) the truth or falsity of the information in the defendant's motion, and (2) whether to recommend that the defendant be placed on community supervision instead of serving a term of confinement"). This is not the case when a defendant pleads guilty and asks the judge to assess his punishment.

When a defendant pleads guilty to the charged offense, and asks the judge to defer a finding of guilt and place him on community supervision, it is not required that the defendant file a sworn motion for community supervision. TEX. CODE OF CRIM. PROC. art. 42.12 § 5(a) (West 2015) (lacking reference to motion or "sworn motion" of any kind); *See also George v. State*, No.03-05-00415-CR, 2007 WL 1451995, at *4 (Tex. App.—Austin 2007, no pet.) (holding that "[a]n application for probation

10

is only required when punishment is assessed by a jury…[and thus c]ounsel's performance cannot be considered deficient based on his failure to file an unnecessary motion").

Trial counsel was not deficient for failing to file a sworn motion for community supervision because it was not necessary for appellant to have filed a sworn motion to receive deferred adjudication community supervision under the facts and procedural history of the present case. *See Huynh v. State*, 833 S.W.2d 636, 638 (Tex. App.—Houston [14th Dist.] 1992, no pet.); *See also Washington v. State*, No. 01-13-00369-CR, 2014 WL 4658476, at *4 (Tex. App.–Houston [1st. Dist.] 2014, no pet.) (mem. op., not designated for publication) (holding that "because punishment ultimately was not assessed by a jury, trial counsel was not ineffective for failing to file a sworn application"); *See also Ruiz v. State*, No. 05-01-01176-CR, 2002 WL 981911, at *1 (Tex. App.—Dallas May 14, 2002, pet. dism'd) (mem. op., not designated for publication). Accordingly, appellant's first allegation of deficient performance should be overruled.

Appellant then claims that his trial counsel was deficient for "[failing] to object to [] appellant's sentence, 10 years in prison for [a]ggravated [s]exual [a]ssault of a child under 14, as cruel and unusual punishment under the Eighth Amendment" because failure to make said objection waives the error on appeal.[2] However, before this Court can conclude that trial counsel was deficient for failing to make an objection, appellant must demonstrate that the trial court would have erred by

---

[2] Appellant's brief at 18-19.

overruling the objection. *See Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996) (per curiam). Appellant cannot make this showing because his sentence lies within the range of punishment. *See Jagaroo v. State*, 180 S.W.3d 793, 800 (Tex. App.—Houston [14ᵗʰ Dist.] 2005, pet. ref'). It is not ineffective assistance of counsel to abstain from making frivolous arguments and objections. *Id.* Appellant's claim that trial counsel was deficient for failing to object to his ten year sentence should be overruled.

Appellant then claims that there is a reasonable probability that, but for trial counsel's errors, a reasonable probability exists that the outcome would have been different.[3] Appellant does not state how the outcome would have been different if trial counsel would have filed a sworn motion for community supervision and objected to the ten year sentence as cruel and unusual. Appellant does not argue that he would have received a lesser sentence or community supervision. Appellant, instead, argues that he "received ineffective assistance of counsel at his sentencing hearing [and t]his Court should reverse appellant's convictions, and the case for further proceedings."[4] Appellant's allegations that trial counsel's deficiencies prejudiced him are inadequately brief because he makes no assertion of how the outcome would have been different. *See* TEX. R. APP. PROC. 38.1(1)(i)(requiring appellant's brief to "contain a clear and concise argument for the contentions made,

---

[3] Appellant's brief at 20-21.
[4] Appellant's brief at 21.

with appropriate citations to authorities"); *See also Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App 2000) (appellate court has no obligation to consider inadequately briefed points of error). Appellant's point of error should be overruled.

## REPLY TO SECOND POINT OF ERROR

Appellant claims that his sentence constitutes cruel and unusual punishment because it was in the best interests of the child, Chelby, that he receive community supervision. However, appellant has not preserved this point of error for appellate review because he neither objected in the trial court at the time sentence was pronounced, nor raised the issue in a post-trial motion. For this reason alone, appellant's point of error should be overruled. If this Court chooses to address the merits of appellant's second point of error, the sentence of ten years in prison did not constitute cruel and unusual punishment because it was within the range of punishment for the offense which appellant pled guilty to, and was warranted considering the facts of the case.

### Preservation of Error

The Texas Rules of Appellate Procedure require "[a]s a prerequisite to presenting a complaint for appellate review, the record must show that…the complaint was made to the trial court by timely request, objection or motion…." TEX. R. APP. PROC. 33.1(a). Even a constitutional or statutory right can be waived by failing

to object. *See Hollin v. State*, 227 S.W.3d 117, 123 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd)(*citing Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996).

In *Rhoades v. State,* the Court held that a defendant may not claim cruel and unusual punishment on appeal when he failed to object in the trial court. *Rhoades*, 934 S.W.2d at 120. "Without an objection, any error in this regard has been forfeited." *Id.* (*citing Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990)). Similarly, the Fourteenth Court of Appeals concluded in *Nicholas v. State* that the defendant failed to preserve error when he neither objected to the sentences, "as violating his constitutional rights at the time they were announced" nor "[raised] these arguments in a post-trial motion." *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (concluding that defendant waived claim that one concurrent and five consecutive sentences imposed for three counts of aggravated sexual assault of child and three counts of indecency with a child were cruel and unusual under both federal and state constitutions, when he did not raise them in trial court). Appellant has waived his constitutional claim that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* (*citing Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *Steward v. LaGrand*, 526 U.S. 115, 119, 119 S.Ct. 1019, 143 L.Ed.2d 196 (1999)); *See Chapman v. State*, 859 S.W.2d 509, 515 (Tex. App.—Houston [1ˢᵗ Dist.] 1993), *rev'd on other grounds*, 921 S.W.2d 694 (Tex. Crim. App. 1996) (failing to object that punishment was cruel and unusual waives error on appeal); *Cruz v. State*, 838 S.W.2d 682, 687 (Tex. App.—

14

Houston [14th Dist.] 1992, pet ref'd); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding that when the defendant does not object to cruel and unusual punishment at trial or in a motion for new trial the argument on appeal is waived).

In this case, appellant failed to object at the time of sentencing, and he did not file a motion for new trial claiming that the sentence violated his constitutional right to be free from cruel and unusual punishment. Appellant failed to preserve error in his second point of error because he did not present it in the trial court. *See* Tex. R. App. P. 33.1(a); *see also Rhoades*, 934 S.W.2d at 120; *Nicholas*, 56 S.W.3d at 768. For this reason alone, appellant's point of error should be overruled.

**Analysis**

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted." U.S. Const. amend. VIII. The Eighth Amendment has been incorporated to apply to the States through the operation of the Due Process Clause of the Fourteenth Amendment. *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 463 (1947). The prohibition against cruel and unusual punishment is measured by the "evolving standards of decency that mark the progress of a maturing society." *Roper v. Simmons*, 543 U.S. 551, 561 (2005).

Punishment assessed within the statutory limits is generally not cruel and unusual punishment. *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972);

*Gavin*, 404 S.W.3d at 606. Only in exceedingly rare cases will a sentence within the statutory range be considered cruel and unusual. *Solem v. Helm*, 463 U.S 277, 288-90 (1983); *See also Atkins v. Virginia*, 536 U.S. 304, 312 (2002) (when analyzing claim of cruel and unusual punishment, the appropriateness of a particular punishment for a particular offense is best viewed by the legislation enacted).

Appellant argues that his sentence was cruel and unusual because "it would have been in the best interest of the child to place him, appellant, on probation, rather that (sic) have the child live with the knowledge that she and her biological father were responsible for sending appellant to prison for something he did not intentionally and knowingly do, based upon the complainant's set up of her stepfather, which she did not explain to the school counselor, …, and the story the complainant told the Children's Assessment Center, which was contrived by the complainant's biological father."[5] This is a distortion of the facts of this case. During the punishment hearing Chelby did testify that her biological father wanted her to do something to get appellant in trouble, and that on the morning of the incident she was wearing her mom's shirt and appellant called her by the nickname he used for Chelby's mom (R.R.III 48-50, 51, 55). Chelby's mom also testified that appellant had sleep apnea and an unusual sleep pattern due to being a truck driver (R.R.III 64). This effort at mitigation was all thrown to the wayside when the trial judge questioned appellant about these issues. Appellant admitted that he knew he was in bed with

---

[5] Appellant's brief at 24.

Chelby when he put his hands down her pants (R.R.III 76-77). Appellant admitted that what he did was intentional, and was "stupid" and the result of appellant's lack of control of his own hormones (R.R.III 77). Appellant admitted that he was guilty of the offense and that the sleep apnea was just an excuse (R.R.III 77). Appellant "knew who it was, [] knew how old she was, [] knew what [he] was doing was wrong; but [he] couldn't control [himself] and [he] did it anyway." (R.R.III 77-78).

Regarding the best interests of Chelby, the trial court clearly prioritized this issue when assessing appellant's punishment. The trial judge asked the State if sending appellant to prison would do more damage than good to Chelby (R.R.III 79). The State responded that sending appellant to prison would not do more damage to Chelby than good (R.R.III 79). Chelby's mom and appellant's wife, Dakayle Limbrick AKA Claudette Walker, was not supportive of Chelby. She married appellant ten days after he sexually assaulted Chelby (R.R.III 66). When Chelby outcried, Ms. Limbrick responded in disbelief and arranged for Chelby to be "[confronted]" by her attacker hours after the assault (R.R.III 60, 63, 65-66). Ms. Limbrick made excuses for appellant's actions as a result of sleep apnea or an unusual sleep schedule (R.R.III 64). Despite appellant's guilty plea, Ms. Limbrick stated that she did not believe that appellant intentionally sexually assaulted Chelby (R.R.III 60). Ms. Limbrick had a history of keeping Chelby away from Mr. Walker, her biological father, (R.R.III 41-42). Ms. Limbrick also allowed appellant to live in the same house with her two sons despite the fact that appellant had been charged with sexually assaulting Chelby

(R.R.III 41-42). Ms. Limbrick expressed her wishes for appellant to come home so they could be a "complete family" (R.R.III 60, 63). The trial court clearly balanced the best interests of Chelby and came to the conclusions that sending appellant to prison was in her best interests because putting appellant in prison was the only way to protect Chelby from appellant when it was obvious that Ms. Limbrick was wholly unwilling to protect Chelby.

Appellant was charged with aggravated sexual assault (C.R. 5). Appellant invited Chelby to lay in bed with him, and he then started kissing her and put his hand in her pants (R.R.III 10). Chelby had an abrasion on her genital area (R.R.IV 14, 27). During the medical examination, Chelby specified that appellant "stuck his fingers up in [her] vagina" (R.RIV 21). The facts of the case, alone, warrant a sentence of ten years in prison.

Additionally, the ten year sentence was within the statutory limits, and thus was not cruel and unusual. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) and (e) and § 12.32 (West 2015); *Samuel*, 477 S.W.2d at 614. Appellant's sentence was not grossly disproportionate. *See Diamond v. State*, 419 S.W.3d 435, 441 (Tex. App.—Beaumont, 2012, no pet.) (holding that sentence of 99 years for aggravated robbery after the defendant pled "true" to violating the terms of his probation was not cruel and unusual); *Young v. State*, 425 S.W.3d 469, 474 (Tex. App.—Houston [1st. Dist.] 2012, pet. ref'd) (holding that a sentence of twenty-five years for aggravated sexual assault of a child does not constitute cruel and unusual punishment); *Peacock v. State*, No. 14-00-

00875-CR, 2001 WL 931135, at * 1-2 (Tex. App.—Houston [14 Dist.] 2001, no pet.) (mem. op., not designated for publication) (holding that sentence of thirty years did not constitute cruel and unusual punishment); *See also Arriaga v. State*, 335 S.W.3d 331, 336 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (mem. op., not designated for publication) (holding that "[t]he trial court's sentence of life imprisonment is not grossly disproportionate to appellant's commission of aggravated sexual assault of a child less than 14 years of age.").

"It has long been recognized that if the punishment assessed is within the range of punishment established by the Legislature under its constitutional authority, there is no violation of the state constitutional provisions against cruel and unusual punishment." *Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). Since appellant's ten year sentence falls within the statutory range, his punishment is not cruel and unusual. Further the facts of the present case warrant a sentence of ten years in prison. Appellant's point of error should be overruled.

————————◆————————

# CONCLUSION

It is respectfully submitted that all things are regular and that the conviction should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/s/ Abbie Miles
**ABBIE MILES**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 24072240
Miles_abbie@dao.hctx.net
Curry_Alan@daohctx.net


# CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 6130 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ Abbie Miles

**Abbie Miles**
Assistant District Attorney

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to the

appellant's attorney at the following address on November 17, 2015:

Sharon E. Slopis
Attorney at Law
P.O. Box 980803
Houston, Texas  77098

/s/ Abbie Miles
**ABBIE MILES**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 024072240
Miles_abbie@dao.hctx.net
Curry_Alan@dao.hctx.net

Date:  November 17, 2015